IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TONY M. ROBERTS,                        )
                                        )
                 Plaintiff,             )
                                        )
v.                                      )     Case No. CIV-10-309-KEW
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social                  )
Security Administration,                )
                                        )
                 Defendant.             )

## OPINION AND ORDER

Plaintiff Tony M. Roberts (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on June 2, 1956 and was 53 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. Claimant worked in the past as a carpenter and a house painter. Claimant alleges an inability to work beginning April 1, 1998 due to limitations resulting from degenerative disc disease in his lumbar spine and depression.

3

## Procedural History

On May 12, 2008, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On August 7, 2009, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma.  On March 19, 2010, the ALJ issued an unfavorable decision on Claimant's application.  On July 16, 2010, the Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to find Claimant met a listing at step three; and (2) alternatively, reaching an RFC which is not supported by substantial evidence.

4

## Step Three Evaluation

Claimant contends he met the criteria for Listing 1.04A and that the ALJ erred by failing to find so at step three of the sequential evaluation. In his decision, the ALJ determined Claimant suffered from the severe impairments of back pain and affective mood disorder. (Tr. 10). The ALJ considered the application of Listing 12.04 but concluded the medical evidence did not indicate Claimant met that listing. (Tr. 11). The ALJ found Claimant retained the RFC to perform light work except only occasional stooping, frequent crouching, crawling, kneeling, or balancing, frequent climbing stairs and ladders, and no reaching overhead with his right arm. He also determined that due to psychological limitations, Claimant has some limitations but can understand and perform simple tasks and some complex tasks, can interact with others at a superficial basis but not with the general public, and can adapt to a work situation. (Tr. 12). Based upon the testimony of the vocational expert testifying in the case, the ALJ concluded Claimant could perform the unskilled job of cleaner/housekeeper. (Tr. 17).

As Claimant states in his brief, the ALJ did not reference in his decision that he considered applying Listing 1.04A in Claimant's case. Listing 1.04A requires certain factual findings be present, in stating:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . .
>
> 20 C.F.R. Pt. 404, Subpt. P, App. I § 1.04A.

For a claimant to demonstrate that an impairment meets a listing, "it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The evidence indicates Claimant suffered from degenerative disc disease of the lumbar spine at L5-S1. (Tr. 253). Claimant underwent surgery on January 22, 2002 to correct spinal stenosis. The surgery consisted of bilateral central and foraminal decompressions at L4-5 and L5-S1. (Tr. 441).

A June 21, 2002 MRI indicated desiccation and mild narrowing with mid diffuse bulging at L3-4. It also revealed minimal facet degeneration at L4-5 bilaterally and bilateral spondylolysis defects at L5, more prominent on the right. Claimant had probable posterior epidural scarring at L5-S1. Residual diffuse disc bulging with right-sided disc narrowing was noted resulting in moderate to severe

right foraminal stenosis with "probable impingement on the right L5 nerve." Milder left foraminal stenosis was seen. (Tr. 520-21).

An MRI from July 18, 2003 demonstrated a new tiny right foraminal disc protrusion at L2-3. The L3-4 disc was desiccated and narrowed with a stable mild disc bulge flattening the thecal sac. Disc narrowing and desiccation at L5-S1 was noted with a stable residual annular disc bulge at this level and an endplate spur which caused mild left and moderate to severe right L5 neuroforamina narrowing, "with probable impingement of the exiting right L5 nerve root." (Tr. 522-23).

On November 11, 2002, Claimant continued to report intermittent radicular pain. (Tr. 471). Additionally, Claimant experienced significant decreased range of motion in his lumbar spine in examinations from January of 2004 and August of 2006, during a consultative examination in July of 2005. (Tr. 186-89, 289, 529-32). This included a finding of positive supine straight leg raising on the right at approximately 30 degrees. (Tr. 531). Claimant also demonstrated decreased strength in his lower extremities and the examiner was unable to elicit Claimant's patellar and ankle reflexes bilaterally. (Tr. 529-32).

On July 15, 2005, Claimant was evaluated by Dr. Steven Nussbaum. Dr. Nussbaum determined Claimant had significantly

7

decreased lumbar spine extension at 10 degrees. He also found Claimant showed decreased lumbar spine flexion of 75 degrees and decreased lateral lumbar spine bending by 5 degrees bilaterally. (Tr. 186-89).

On July 12, 2008, Claimant was also evaluated by Dr. Lauren Devoe. Claimant reported back pain radiating down his right leg. Dr. Devoe found Claimant to have decreased deep tendon reflexes at his knees and ankles with decreased range of motion in his lumbar spine. Claimant was unable to walk on his heels or toes for more than two steps due to pain. Claimant had positive straight leg raising bilaterally in both the supine and sitting positions. (Tr. 390-96).

Significant evidence indicates Claimant may meet the criteria for Listing 1.04A. Contrary to Defendant's arguments, the fact a considerable amount of the evidence relates to a time outside of the relevant period does not lessen the obligation for the ALJ to at least consider whether the progressive nature of Claimant's degenerative condition relates back to the relevant period. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Moreover, it is unclear to this Court that the ALJ even considered this listing in his evaluation, having only specifically identified the mental health listing in his decision. On remand, the ALJ shall evaluate

the medical evidence to ascertain whether Claimant has satisfied his burden of establishing he meets Listing 1.04A.

Because Claimant argues the second issue of whether the RFC was correctly reached as an alternative argument, this Court will not address it further at this time.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 27th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

9